Dear Senator Short:
This office is in receipt of your opinion request dated October 1, 1996. You ask whether it is constitutional to offer an ordinance to the voters of Mandeville which calls for term limits for city council members and the mayor that retroactively includes the current term being served.
First, we must determine whether such a proposition may be legally submitted to the voters for their approval. In St. Johnthe Baptist Parish Association of Educators v. Brown, 465 So.2d 674
(1985), the Louisiana Supreme Court held that, unless a proposition or question was specifically authorized by the Louisiana Constitution, law or home rule charter, such elections were prohibited.
Article VI, § 6-01 of Mandeville's home rule charter, in pertinent part, states:
 The electors of the city shall have the power, except as herein restricted, to propose to the council passage or repeal of ordinances and to vote on the question if the council refuses action. This power shall not extend to the proposing or repealing of ordinances making or reducing the appropriation of money, to the repealing or reducing of the levying of taxes, to the establishing or modifying of fees and charges for city services, reducing the term of elected officials, changing the salaries of city officers or employees, incurring or reducing indebtedness, or making changes in zoning. . . .
Article VII, § 7-03 (c) provides:
 Proposals to amend or repeal this charter shall be submitted for ratification to the qualified electors of the city at an election already authorized for other purposes. The results shall be determined by a majority vote of the electors voting on a particular proposal.
These provisions provide the City of Mandeville with the authority to place a proposed ordinance regarding term limits on the ballot.
The second issue raised by your question involves whether a term limitation would violate the constitutional rights of those public officers who would be affected by its retroactive application. Reducing the current term of an elected official would raise serious constitutional questions and directly violate the specific restrictions of Mandeville's Home Rule Charter, Article VI, § 6-01.
However, placing term limits on elected officials does not elicit the same level of scrutiny. For example, if a proposed ordinance placed a two-term limit on all elected officials and, in addition, applied this limitation to the current terms of those officials, they would only be eligible one additional term to hold that office.
Therefore, we find no legal impediment under state statutory or constitutional authority or Mandeville's home rule charter which would prevent the submission of a proposed ordinance to the voters of Mandeville providing for retroactive term limits.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: __________________________ Carlos M. Finalet, III Assistant Attorney General RPI/CMF/pb